UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jonathan G. Wendland<br>6051B FauntLeroy Way, SW<br>Seattle, WA 98136<br><br>　　　　Plaintiff,<br><br>The Honorable Carlos Gutierrez<br>1401 Constitution Ave., N.W.<br>Washington, D.C. 20230<br><br>　　　　Defendant.<br><br>Also Serve:<br>The United States Attorney<br>For the District of Columbia<br>555 Fourth Street, NW<br>Washington, D.C. 20530<br><br>The Attorney General of<br>The United States<br>10th & Constitution Ave., N.W.<br>Washington, D.C. 20530 | Civil Docket<br>No:_____<br>(　　　　) |

## COMPLAINT

This is a complaint for declaratory judgment seeking to declare the decision of the Director, National Oceanographic and Atmospheric Administration Officers Corps, (hereafter "NOAA Corps") denying relief to Plaintiff to have been in error.

## JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and by the Administrative Procedure Act 5 U.S.C. § 702 et seq.

## VENUE

2. Venue is proper as the Defendant is found in the District of Columbia.

## PARTIES

3. Plaintiff, Jonathan G. Wendland, is a former uniformed member of NOAA Corps holding the rank of Lieutenant upon his discharge.

4. Defendant, The Honorable Carlos Gutierrez, in his official capacity, is the Secretary of Commerce, the department under which NOAA Corps falls.

## FACTS

5. In July 1992, Plaintiff joined NOAA Corps and attended basic officer training at Ft. Eustis, Virginia.

6. From 1992 until July 2003, Plaintiff held a myriad of billets within NOAA Corps ranging from the Executive Officer of the NOAA Ship David Starr Jordan to the job of Northeast Oil Spill Response Coordinator.

7. In July 2003, Plaintiff became the Executive Officer of NOAA Ship JOHN N. COBB. The commanding officer was Lieutenant Commander (LCDR) Michael Hopkins. Plaintiff's Executive Officer duties included navigation,

piloting the vessel in Pacific coastal waters and waters off Southeast Alaska, management of a $500,000 budget, management of a $3,000 imprest fund, and a number of other duties.

8. Prior to receiving orders to the NOAA Ship JOHN N. COBB, Plaintiff had outstanding Fitness Reports (FITREPs). He had never received a derogatory FITREP or any derogatory comments on a FITREP. LCDR Hopkins conversely from 2003 to 2005 gave Plaintiff four derogatory FITREPs.

9. On April 5, 2004, Plaintiff was notified that he was within the promotion zone for the rank of LCDR. He was not selected during the promotion board.

10. On March 1, 2005, Plaintiff was notified again that he was within the promotion zone for the rank of LCDR. There were 20 lieutenants in the zone for 13 promotions.

11. On May 18, 2005, Plaintiff was notified that he was not selected for promotion for a second time and that an Officer Personnel Board was convening on June 8, 2005, to determine whether he would be continued on active duty.

12. On June 2, 2005, LCDR Hopkins requested Plaintiff's continuation on active duty because Plaintiff's relief was not scheduled to report to the JOHN N. COBB until the spring of 2006. LCDR Hopkins also noted that "this will allow LT Wendland, (Plaintiff) 8-10 months under a new supervisor, with an

opportunity to see if his performance improves under a different rating officer."

    a. Applicant's first FITREP from his new commander, LCDR Fischel, was outstanding and he was recommended for promotion to LCDR.

    b. In fact LCDR Fischel did not detect any of the negative issues that LCDR Hopkins had identified. By contrast to LCDR Hopkins, LCDR Fischel painted a portrait of an efficient officer with strong communication skills and a "deep desire to lead." The Fischel FITREP is consistent with all of Applicant's FITREPs prior to falling under LCDR Hopkins's command.

13. On March 20, 2006, Plaintiff was passed over for promotion a third time. On May 18, 2006, a Special Officer Promotion Board was convened and determined that Plaintiff would be continued until August 1, 2006.

14. On July 26, 2006, LCDR Fischel provided a declaration to Plaintiff, made under the provisions of 28 U.S.C. § 1746, which documented LCDR Hopkins's bias against Plaintiff.

15. Plaintiff was not discharged on August 1, 2006. Instead he was medically extended to September 14, 2006.

16. On September 1, 2006, Plaintiff made a written request to the Director of NOAA to convene a Records Evaluation Board (REB) for the following purposes:

    a. To expunge all four Fitness Reports (FITREPs) written by LCDR Hopkins from Plaintiff's official record.

    b. To remove from Plaintiff's official record all records or notation of promotion boards passing him over for selection to LCDR.

    c. If applicable, to remove his separation date of September 14, 2006, from his record.

    d. If applicable, to correct his records to show a retroactive reinstatement as of any future day of discharge.

    e. To convene a promotion board to consider Plaintiff's corrected package for promotion to LCDR.

17. The September 1, 2006, request for an REB was denied on September 8, 2006. The request for reconsideration dated September 11, 2006, was denied on September 12, 2006. On September 14, 2006, Plaintiff was discharged.

18. In the September 8, 2006 denial of Plaintiff's request for an REB, the Director, NOAA Corps relied upon Plaintiff's lack of timeliness in making such a request. The Director noted the following:

    a. NOAA Corps Directive (NCD) 04403C requires that a fitness report be rebutted within 10 days of Plaintiff signing any such report. No such rebuttals were submitted.

    b. NCD 08503A requires Plaintiff to seek an REB within 20 days of "recommendation for separation in the best interests of the NOAA Corps." Plaintiff did not make such a request.

19. In the September 12, 2006, denial of Plaintiff's request for reconsideration the Director relied upon "ample opportunity" previously for Plaintiff to request a review of Plaintiff's files. Plaintiff was discharged on September 14, 2006.

THE NOAA CORPS REGULATORY SCHEME

20. Title 10, United States Code § 1552 provides for the creation of a board for correction of military records to correct error or injustice in a servicemember's record.

21. Each department of government which has uniformed officers to include the Department of Defense (Army, Navy, Air Force and Marines) under 10 U.S.C. §1552; the Department of Health and Human Services (Public Health Service) under 42 U.S.C. § 213(a); and the Department of Homeland Security (Coast Guard) under 14 U.S.C. § 425 has established a board for correction of records pursuant to 10 U.S.C § 1552. The exception is the Department of Commerce and the NOAA Corps, which under 33 U.S.C. § 3002 has failed to establish such a board.

22. Whereas every other uniformed service has an autonomous methodology for correcting error and injustice in the records of its servicemembers, NOAA

Corps vests virtual plenary authority in its Director. There are by Directives opportunities to seek records correction, but only in limited circumstances. They are:

    a. Under NOAA Corps Directive (NCD) 10009 the Director, "as he/she may deem necessary," shall convene an REB for the limited purposes of:

        i. Reviewing disciplinary actions. NCD 07106.

        ii. Reviewing casualty matters under Chapter 11 of the NCDs.

        iii. Reviewing separations in the best interest of NOAA Corps, NCD 08503.

23. There is no provision for reviewing error or injustice beyond the above prescribed areas.

24. All uniformed services provide for appeal or rebuttal of adverse officer evaluations within a time limit. This includes NOAA Corps. NCD 04403C.

25. What distinguishes NOAA Corps from the other services is that NOAA Corps has no provision for further review of its officer FITREPs beyond the directives ten day limit even if after discovered evidence should be found and provided, as was done here.

26. Further, Plaintiff was not separated "in the best interests of NOAA Corps," under NCD 08501. Rather, Plaintiff was discharged under the provisions of 10 U.S.C. § 632, 637 for having been twice denied promotion.

27. Accordingly the 20 day limitation for requesting an REB due to a separation "in the best interests of NOAA Corps" is inapplicable to Plaintiff.

28. If Plaintiff were "separated in the best interests of NOAA Corps" under NCD 08501, Plaintiff would have been entitled to a Show Cause Board under NCD 08502 which Plaintiff would have had the right to elect within 20 days of receipt of notification of separation. Within those same 20 days under NCD 08503 he would have had the right to request an REB. If the REB was granted by the Director, the Show Cause Board would be delayed until matters raised before the REB were resolved under NCD Chapter 08, Part 5.

29. The regulatory scheme of NOAA Corps vests total discretion within the Director and grossly limits the ability of a NOAA Corps officer to redress an error or injustice, unlike any of the other services. In fact the discretion of the Director, NOAA Corps, may not be challenged in an REB, leaving litigation as the only available option, NCD 08503.

30. Further, in <u>Detweiller v. Pena</u>, 38 F.3d 591 (D.C.Cir 1994) this circuit court could assert board for correction claims to that board at any time while on active duty irrespective of when the claim arose and that such claims were not

untimely filed due to the three year statute of limitations contained within 10 U.S.C. § 1552.

31. In an effort to correct an after discovered error or injustice Plaintiff sought review by an REB prior to Plaintiff's discharge. This was denied on timeliness grounds. This denial could not have occurred in any other service.

32. No provision exists for a special selection board under 10 U.S.C. § 628. This means that under all other services, Applicant cannot now have his records corrected by NOAA Corps and be considered for promotion by NOAA Corps with those records removed without the intervention of this Court.

CLAIM FOR RELIEF

33. Defendant and Defendant's agent, Director, NOAA Corps, failed to grant Plaintiff relief by denying Plaintiff an REB for the purpose of examining Plaintiff's FITREPs for expungment from Plaintiff's record. This denial was arbitrary and capricious, an abuse of discretion and contrary to law.

RELIEF REQUESTED

34. WHEREFORE, Plaintiff requests this Honorable Court to ORDER the Defendant to convene an REB under Defendant's broad discretionary authority for the purpose of examining Plaintiff's FITREPs uttered by LCDR Michael Hopkins for expungment from Plaintiff's record and to FURTHER ORDER Defendant to convene a promotion board in the nature

of a Special Selection Board under 10 U.S.C. § 628 for the purpose of determining if Plaintiff would have been promoted, should Plaintiff's records be expunged and

FURTHER ORDER Defendant to return Plaintiff to active service as of the date of Plaintiff's discharge in the rank determined by the promotion board should Plaintiff be promoted by that promotion board.

Respectfully submitted,

*[signature]*

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Jonathan G. Wendland

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Carlos Gutierrez
The Honorable Secretary of Commerce
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary Myers, James Culp & Associates
78 Clark Mill Rd., Weare NH 03281
800-355-1095

Case: 1:07-cv-01493
Assigned To : Kennedy, Henry H.
Assign. Date : 8/20/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF
FOR DIVERSITY CASES ONLY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☒ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 443 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
● 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1331, 5 U.S. § 702, Review of Administrative Action

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ ☐ Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ● NO

VIII. RELATED CASE(S) IF ANY    (See instruction)    ☐ YES ● NO    If yes, please complete related case form.

DATE Aug 20, 2007    SIGNATURE OF ATTORNEY OF RECORD [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.