# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

Jonathan G. Wendland,                  )
                                       )
              Plaintiff,               )
                                       )
       v.                              )          Civ. No.: 07-CV-1493(HHK)
                                       )
Carlos Gutierrez, Secretary            )
United States Department of Commerce,  )
                                       )
              Defendant.               )
_____ )


## DEFENDANT'S MOTION TO DISMISS FOR
## LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant hereby moves to the dismiss the above captioned action for lack of subject matter jurisdiction.  In support of the said Motion, Defendant refers the Court to the attached Memorandum of Points and Authorities and its accompanying exhibit.

Dated: December 4, 2007.          Respectfully Submitted,


          /s/  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


          /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/  John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

Jonathan G. Wendland,                     )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      Civ. No.: 07-CV-1493(HHK)
                                          )
Carlos Gutierrez, Secretary               )
United States Department of Commerce,     )
                                          )
            Defendant.                    )
_____ )


MEMORANDUM OF POINTS AND AUHTORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION

I.      INTRODUCTION

        Plaintiff Jonathan A. Wendland filed the above-styled action complaining that the

Director of NOAA Corps' decision not to convene a Record Examination Board

("REB") was "arbitrary and capricious, an abuse of discretion and contrary to law" in

violation of the Administrative Procedure Act, 5 U.S.C. §§ 702 *et seq*. ("APA").

Complaint ("Compl.") at ¶ 33.

        Plaintiff, however, fails to demonstrate that this Court has subject matter

jurisdiction over his claim because the APA does not confer subject matter jurisdiction

over a matter that is committed to an agency's discretion.  For this reason, which is

elaborated further below, the Court should dismiss this case with prejudice for lack of

subject matter jurisdiction.

1

## II.    FACTUAL BACKGROUND

### A.  The Organization – NOAA Corps.

The U.S. Department of Commerce consists of various bureaus, one of which is the National Oceanic and Atmospheric Administration ("NOAA").   One of the line offices within the NOAA is the Office of Marine and Aviation Operations ("OMAO"). In turn, one of the units within the OMAO is the NOAA Commissioned Officer Corps ("NOAA Corps").  The NOAA Corps provides a cadre of professionals trained in engineering, earth sciences, oceanography, meteorology, fisheries science, and other related disciplines. Officers operate ships, fly aircraft, manage research projects, conduct diving operations, and serve in staff positions throughout NOAA.  See http://www.noaacorps.noaa.gov/ (visited November 15, 2007) (describing the organizational structure of the NOAA).

The Director of the NOAA Corps has promulgated Directives which govern much of the daily operations of the NOAA Corps, including, but not limited to, promotions, assignments, separation from the service, and entitlements.  see www.noaacorps.noaa.gov/cpc/procedures/directives.html (for a full copy of the NOAA Corps Directives).  One of these Directives provides that "[a]t such times as he/she may deem necessary, the Director shall convene a Records Examination Board [("REB")] [at an officer's request] to determine whether or not information contained in an NOAA Corps officer's Official Personnel File (OPF) should be corrected or removed."  See NOAA Corps Directive 10009 (Gov Exh. A.)

### B.  Plaintiff's Allegations.

Plaintiff joined the NOAA Corps in July 1992.  Compl. at ¶ 5.  In July 2003, he

2

became the  Executive Officer under Lieutenant Commander (LCDR) Michael Hopkins of NOAA Ship JOHN N. COBB.  Id. at ¶ 7.   Plaintiff alleges that prior to 2003, he received outstanding fitness reports.  Compl. at ¶ 8.  He claims that since he began serving under LCDR Hopkins in 2003, Plaintiff received "four derogatory" fitness reports.  Id.

Plaintiff was considered for a promotion in April 2004 and March 2005 to the rank of Lieutenant Commander but was twice passed over.  Compl. at ¶ 9-11.  He was passed over for a promotion a third time in March 2006.  Id. at ¶ 13.  In May 2006, the Special Officer Promotion Board determined that Plaintiff should be separated on August 1, 2006; however, his separation was continued until September 14, 2006.  See Compl. at ¶ 13, 15.

On September 1, 2006, Plaintiff requested that the Director of the NOAA Corps convene the Record Evaluation Boards ("REB") to (1) expunge the four negative fitness reports from his record; (2) remove from his records all documents pertaining to the denials of promotion; (3) remove his separation date of September 14, 2006; (4) retroactively reinstate him; and (5) convene a promotion board to consider Plaintiff's promotion to the rank of Lieutenant Commander.  Compl. at ¶ 16.  The Director denied Plaintiff's request and also denied his request for reconsideration.  Id. at ¶ 17.

Plaintiff then filed this action claiming that the Director's denial of Plaintiff's request to convene the REB violated the APA (Compl. at ¶ 33) and requests that the Court order the Director to convene the REB "under . . . the broad discretionary authority" of the Director.  Compl. at ¶ 34.   Plaintiff also seeks an order requiring the Director to convene a promotion board to consider his promotion.  Id. at ¶ 34.

Nowhere in Plaintiff's Complaint did he challenge his separation from the NOAA Corps.

## III.   ARGUMENT

### A.   Fed. R. Civ. P. 12(b)(1) Standard of Review.

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. at 377.  The first and fundamental question presented by every case brought to the federal courts is whether the Court has jurisdiction to hear it. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).

In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003);  Kuffel v. U.S. Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995) ("The Court may go beyond the pleadings and consider affidavits to determine whether subject matter jurisdiction exists.").  Although a plaintiff's allegations receive favorable inferences at the motion to dismiss stage, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. American Farm Bureau v. Envtl. Prot. Agency, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

4

## B.  This Court Does Not Have Subject Matter Jurisdiction To Hear This Case

Under the explicit language of NOAA Corps Directive 1009, the Director has complete discretion whether to convene the REB.[1]  Therefore, because the decision whether to convene the REB is committed to the Director's discretion by law the Court lacks subject matter jurisdiction to adjudicate this matter.  While Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, neither statute confers jurisdiction in the instant case.  It is well established that the APA is not an independent grant of subject matter jurisdiction.  Your Home Visiting Nurse Servs., Inc. v. Shalala, 525 U.S. 449, 457-58 (1998).  Rather, it waives the federal government's sovereign immunity in actions brought under the federal question jurisdictional statute, 28 U.S.C. §1331.  Id.

However, the APA bars judicial review of agency action when the matter in dispute has been "committed to agency discretion by law."  See 5 U.S.C. § 701(a)(2).  In reviewing the extent of this exception to judicial review, the Supreme Court has held that this exception is "very narrow" and only applies in those rare instances where statutes are drawn in such broad terms that in a given case there is "no law to apply."  Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410 (1971).  Since Overton Park, the Supreme Court has clarified what it meant: absent substantive legal criteria against which an agency's conduct can be evaluated, meaningful judicial review is impossible, and agency action is thus shielded from the scrutiny of the courts.  Heckler v. Chaney, 470

---

[1]  This is not a typical action challenging the decision of the Board for Correction of Naval Records ("BCNR") because, as Plaintiff correctly conceded, the statute, 10 U.S.C. § 1552, that governs the correction of military records does not apply to the NOAA Corps.  See Compl. at ¶ 21.

U.S. 821, 830 (1985).

In this Circuit, to determine whether a matter is committed to agency discretion by law, the Court considers the nature of the administrative action at issue and the language and structure of the statute that supplies the applicable legal standards for reviewing that action.  Drake v. Federal Aviation Administration, 291 F.3d 59, 70 (D.C. Cir. 2002).  See also, Steenholdt v. Federal Aviation Administration, 314 F.3d 633, 638 (D.C. Cir. 2003); Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs, 104 F.3d 1349, 1353 (D.C. Cir. 1997).  As the Supreme Court explained in Heckler v. Chaney, 470 U.S. 821, 830 (1985), and reiterated in Lincoln v. Vigil, 508 U.S. 182 (1993), Section 701(a)(2) mandates that "review is not to be had" in those rare circumstances where there is "no meaningful standard against which to judge the agency's exercise of discretion."  Id. at 190.  The Supreme Court reasoned that "if no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'"  Heckler, 470 U.S. at 830.  Indeed, absent such standards, there are "no concrete limitations to impose on the agency's exercise of discretion."  Secretary of Labor v. Twentymile Coal Company, 456 F.3d 151, 156 (D.C. Cir. 2006) (citing Drake, 291 F.3d at 70).

Here, Plaintiff has failed to articulate any standard that would permit judicial review of the Director's discretion to deny Plaintiff's request to convene a REB.  Indeed, there is no relevant statute that imposes any limits on the Director's exercise of his discretion.  Moreover, under applicable NOAA Directive, the discretion to convene a REB rests with the Director of the NOAA Corps.  See NOAA Corps Directive 10009

6

(Gov. Exh. A).  Directive 1009  provides that the Director shall convene a REB "[a]t such times as he/she may deem necessary . . . to determine whether or not information contained in a NOAA Corps officer's Official Personnel File should be corrected or removed.  <u>See</u> NOAA Corps Directive 10009.

Since convening a REB rests solely within the Director's discretion, there is no meaningful judicial standard of review to determine if the Director's decision not to convene a REB was contrary to law.  Therefore, this determination is "committed to agency discretion by law" and unreviewable.  5 U.S.C. § 701(a)(2).  <u>See</u> <u>also</u>, <u>Webster v. Doe</u>, 486 U.S. 592, 600 (1988) (absent permitting cross-examination of a deciding official, the Court saw "no basis on which a reviewing court could properly assess an Agency termination decision").  Accordingly, the Court lacks subject matter jurisdiction over the decision to deny Plaintiff's request to convene a REB.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and dismiss this case with prejudice.


Dated: December 4, 2007.                Respectfully Submitted,


                                         /s/  Jeffrey A. Taylor
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                         /s/   Rudolph Contreras
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney


                                         /s/   John C. Truong
                                        JOHN C. TRUONG, D.C. BAR #465901
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Washington, D.C.  20530
                                        (202) 307-0406

                                        Attorneys for Defendant

## UNITED STATED DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

Jonathan G. Wendland,                     )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        Civ. No.: 07-CV-1493(HHK)
                                          )
Carols Gutierrez, Secretary               )
United States Department of Commerce,     )
                                          )
                    Defendant.            )
_____ )

### ORDER


        Upon consideration of Defendant's Motion to Dismiss for Lack of Subject Matter

Jurisdiction, Plaintiff's Opposition thereto, and the entire record herein, it is this _____

day of _____, 2007,

        ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter

Jurisdiction be and is hereby GRANTED; and it is

        FURTHER ORDERED that the above-captioned case be and is hereby

DISMISSED with prejudice.

        SO ORDERED.


                                          _____
                                          U.S. District Judge

U.S. Department of Commerce

National Oceanic and Atmospheric Administration



# NOAA COMMISSIONED CORPS

# DIRECTIVES



**NOAA CORPS DIRECTIVES**                                    **Chapter 10**

## Part 1 – Advisory Boards

**Section**

General ..................................................................................................................10001

Aviation Advisory Board ...................................................................................10002

Board of Investigation.......................................................................................10003

Disciplinary Board .............................................................................................10004

Full-Time and Part-Time University Training Boards ..............................10005

Medical Board......................................................................................................10006

Officer Assignment Board ...............................................................................10007

Officer Personnel Board ...................................................................................10008

Records Examination Board ............................................................................10009

Uniform and Awards Board.............................................................................10010

Director's Command Advisory Board ..........................................................10011

Flag Advisory Board...........................................................................................10012

Other Advisory Boards .....................................................................................10013

**NOAA CORPS DIRECTIVES**                                          **Chapter 10**

**Part 1 – Advisory Boards**

**10001 GENERAL**

A.    Advisory boards are established to provide assistance in the form of recommendations, opinions, and findings of fact, as appropriate, to the Director. This chapter provides information regarding the advisory boards. Certain advisory boards are discussed in detail elsewhere in these directives therefore the duties, frequency, and composition are discussed in the chapters in which they appear. Commissioned Personnel Center (CPC) Instructions delineate further the details of each board.

**10002 AVIATION ADVISORY BOARD**

A.    The NOAA Corps Aviation Advisory Board (AAB) provides assistance and advice to the Director with regard to aviation-related issues (see NCD Chapter 5, Part 5).

B.    The AAB's duties shall include:

   (1)    advising the Director on NOAA Corps aviator assignments and aviation-related issues;

   (2)    reviewing, screening, and recommending applicants for initial pilot and navigator training; (medical records of these NOAA Corps officers will be reviewed by the NOAA Marine and Aviation Operations (NMAO) Health Services Director or his/her designee to determine an aviation applicant's ability to meet minimum physical requirements);

   (3)    reviewing the personnel records of NOAA Corps officers in the aviation program in order to make recommendations to the Director regarding the retention of NOAA Corps officers in NMAO's aviation program (as required, the medical records of NOAA Corps aviators will be reviewed by NMAO Health Services Director, or his/her designee);

   (4)    recommending changes to the NOAA Aircraft Operations Center's Aircraft Operations Manual; and

   (5)    such other duties as the Director may prescribe.

C.    The AAB will convene at such times as may be necessary, but generally three times per year.

NOAA CORPS DIRECTIVES                                        Chapter 10

**Part 1 – Advisory Boards**

D.    AAB membership consists of at least three active-duty NOAA Corps aviators in or above
      the permanent grade of commander, and may include other qualified individuals
      appointed by the Director. The Chair is a senior Washington, D.C. area based NOAA
      Corps aviator. Personnel appointed to the AAB in an advisory capacity will be nonvoting
      members. A member of the CPC staff serves in a nonvoting capacity as secretary.

## 10003 BOARD OF INVESTIGATION

A.    The Director may convene a Board of Investigation, in accordance with NCD Chapter
      11, to examine the facts and circumstances surrounding a NOAA Corps officer's injury,
      death, or disappearance, and, as necessary, to provide the basis for line of duty and
      misconduct determinations both within and out of the NOAA Corps.

B.    A Board of Investigation's duties shall include:

      (1)    collecting any evidence pertaining to the injury, death or disappearance, in order
             adequately establish the pertinent facts; and

      (2)    submitting a written report to the Director, recording the Board's findings of fact
             and, as applicable, recommendations.

C.    When a Board of Investigation is ordered, instructions will be issued with the convening
      order outlining the method of procedure and the form in which the record and findings
      are to be submitted to the Director.

D.    The Board of Investigation's membership will consist of at least two active-duty NOAA
      Corps officers, a representative of the Department of Commerce's Office of General
      Counsel, and may include other qualified individuals appointed by the Director. The
      senior NOAA Corps officer of a Board of Investigation shall not be below the grade of
      commander.

## 10004 DISCIPLINARY BOARD

A.    At such times as may be necessary, the Director shall convene a Disciplinary Board to
      inquire into the conduct of a NOAA Corps officer. The duties, frequency and
      composition of a disciplinary board are noted in NCD Chapter 7.

NOAA CORPS DIRECTIVES                                           Chapter 10

**Part 1 – Advisory Boards**

## 10005 FULL-TIME AND PART-TIME UNIVERSITY TRAINING BOARDS

A.    The Full-Time University Training (FUT) Board and Part-Time University Training
      (PUT) Board are to provide the Director with assistance and advice with regard to the
      NOAA Corps' and NOAA's sponsored university training for NOAA Corps officers.

      FUT and PUT boards are convened for:

      (1)    evaluating all requests for FUT, to determine program need, and to confirm
             proper background and motivation; and

      (2)    issuing recommendations for FUT and PUT to the Director.

      The duties, frequency and composition for a FUT board is noted in NCD 04102, and for a
      PUT board in NCD 04103.

## 10006 MEDICAL BOARD

A.    In accordance with NCD Chapter 8 and General Rules Governing an Appeals Board,
      Appendix VII, the Director has established the following procedures to provide assistance
      and advice in determining the fitness and disability rating of a NOAA Corps officer, as
      appropriate.

B.    A Medical Board (MB), at a uniformed services medical facility, will conduct a complete
      medical examination of a NOAA Corps officer. The MB procedures of the uniform
      services medical facility will be used. Completed reports will be sent to the Director.

C.    A U.S. Public Health Service Medical Review Board (MRB) will, as requested by the
      Director, review the completed MB reports for recommendations regarding the fitness
      and disability rating of the NOAA Corps officer (see NCD 08610).

D.    A NOAA Corps' Appeals Board shall, at such times as may be necessary, be convened to
      reconsider the findings and recommendations of an MRB (see NCD 8610).

      (1)    Appeals Board duties shall include:

             (a)    considering the record and all information obtained during the hearing;
                    and

NOAA CORPS DIRECTIVES                                      Chapter 10

**Part 1 – Advisory Boards**

          (b)    preparing a report to the Director that will include a recommendation as to whether or not the NOAA Corps officer should be retained on active duty, retired for disability, or discharged from the service, and the reasons therefore, and as appropriate, rating the disability in accordance with the Department of Veterans Affairs Schedule for Rating Disabilities as modified by DOD Directive 1332.18.

     (2)    An Appeals Board membership will consist of at least two medical officers who have not previously examined the NOAA Corps officer in connection with the findings of disability, and at least three active-duty NOAA Corps officers who, whenever feasible, shall be senior to the NOAA Corps officer being reviewed. The Director will appoint members to the appeals Board and one member to serve as Chair of the Appeals Board.

## 10007 OFFICER ASSIGNMENT BOARD

A.    In accordance with NCD Chapter 5, Part 3, the Director has established the NOAA Corps Officer Assignment Board (OAB) to provide assistance and advice as appropriate and to make recommendations with regard to NOAA Corps officer assignments.

B.    The OAB shall consider NOAA Corps liaison officer's input, NOAA Corps officer's input, and relevant assignment information to recommend NOAA Corps officer assignments. Within five working days after deliberations, the OAB Chair shall provide the Director with a list of recommended assignment changes. Assignment recommendations shall include a short statement detailing the rationale. The Director's approval of a recommended assignment will be in the form of a memorandum advising the NOAA Corps officer of the forthcoming assignment. In the event an assignment recommendation is not approved, the OAB shall make such further recommendations as are required.

C.    The OAB will convene at least bimonthly and at such other times as may be necessary.

D.    OAB membership consists of at least four active-duty NOAA Corps officers, not below the permanent grade of lieutenant commander, appointed by the Director. The OAB shall consist of the most senior NOAA Corps officers within each line office, the Chair of the AAB, the Chief, Career Development Division and others who will be designated, with the advice of the Assignment Coordinator, by the Director. The Assignment Coordinator serves in a nonvoting capacity as advisor and secretary. The Director will appoint one member of the OAB to serve as Chair.

**NOAA CORPS DIRECTIVES**                                    **Chapter 10**

**Part 1 -- Advisory Boards**

**10008 OFFICER PERSONNEL BOARD**

A.    The NOAA Corps Officer Personnel Board (OPB) is established in accordance with 33
      U.S.C. 3022, to provide recommendations to the Secretary and Director on those matters
      herein prescribed.

B.    OPB duties shall include:

      (1)    recommending to the Director such changes in the lineal list as the OPB may
             determine; [33 U.S.C. 3022(b)(1)]

      (2)    making selections and recommendations to the Secretary and Director for
             appointments, and promotions, of NOAA Corps officers; [33 U.S.C. 3022(b)(2)]
             and

      In case any recommendation by the OPB is not acceptable to the Director, the Secretary,
      or to the President, as applicable, the OPB shall make such further recommendations as
      shall be acceptable. [33 U.S.C. 3022(c)]

C.    The OPB will convene at least once a year and at such other times as may be necessary.
      [33 U.S.C. 3022(a)]

D.    The OPB membership will consist of at least five active-duty NOAA Corps officers, not
      below the permanent grade of commander, appointed by the Director. The Director will
      also appoint one member to serve as Chair of the OPB. Members normally serve for one
      year, but the Director may alter membership, in accordance to the needs of the NOAA
      Corps. The Director and Deputy Director, CPC, serve as nonvoting advisors to the OPB.
      A member of the CPC staff serves in a nonvoting capacity as secretary.

E.    In all OPB deliberations, each member shall swear that he/she will perform the duties
      imposed upon him/her without prejudice or partiality, and having in view both the special
      fitness of officers and the needs of the NOAA Corps.

F.    General procedure applicable to all OPB deliberations:

      (1)    The Director shall call all meetings of the OPB and establish the agenda of
             actions for the OPB to consider.

**NOAA CORPS DIRECTIVES** **Chapter 10**

**Part 1 – Advisory Boards**

    (2)    The Director may provide a written precept to the OPB, and/or may brief the OPB on applicable laws, regulations, and needs of the NOAA Corps as related to the actions to be considered. Such briefing also may be given by a member of the Director's staff as he/she may designate. Each OPB member must act according to his/her own judgment and is bound only by existing laws, regulations, and the oath taken by that member.

    (3)    The OPB shall be furnished with the names and personnel records of all NOAA Corps officers to be considered. The records shall include all written information on performance evaluations, service reports, assignments and assignment preferences, awards, completed disciplinary actions, education and training, security clearances, and correspondence relevant to the above NOAA Corps officer, his/her supervisors, and the NOAA Corps. The OPB shall rely upon this written record, and not personal knowledge or hearsay, in its deliberations. OPB members must be senior to those NOAA Corps officers being reviewed.

    (4)    In certain cases, where these Directives permit, a NOAA Corps officer may appear before the OPB. If a NOAA Corps officer appears before the OPB with his/her legal counsel present, a written transcript of the NOAA Corps officer's statement, and any ensuing questions and answers, shall be provided for the NOAA Corps officer's Official Personnel File (OPF). In such cases the OPB will be afforded counsel from the Department of Commerce Office of General Counsel.

    (5)    In the event the OPB desires additional information or clarification, the Chair shall submit a request to the Director, or his/her designee.

    (6)    A written report shall be filed for each OPB session. The report shall contain:

        (a)    a list of OPB membership;

        (b)    a list of convening, meeting, and adjourning dates;

        (c)    a list of recommendations and names of NOAA Corps officers considered, with NOAA Corps officer names listed in the order of relative precedence that they held prior to the current consideration (In recommending candidates for appointment, candidates shall be listed in the sequential order in which completed applications were received by the NOAA Corps);

        (d)    a record of the reason(s) for each recommendation;

        (e)    a certification that at least a majority of the members concur in the recommendations;

**NOAA CORPS DIRECTIVES**                                    **Chapter 08**

## PART 6- DISABILTY RETIREMENT OR DISCHARGE

Section

Policy ...................................................................................................08601

Fitness For Duty Determination.............................................................08602

Physical Standards ................................................................................08603

Service Incurred or Aggravated Disability ............................................08604

Line of Duty Disability .........................................................................08605

Proximate to Duty Disability .................................................................08606

Rating of Disability................................................................................08607

Disposition of Exceptional Cases ..........................................................08608

Request for Fitness Evaluation ..............................................................08609

Medical Examination .............................................................................08610

NOAA Corps Officer's Rights................................................................08611

Disability Retirement .............................................................................08612

Disability Retired Grade ........................................................................08613

Effective Date of Disability Retirement or Discharge.............................08614

Disability Severance Pay .......................................................................08615

Provisions of Other References ..............................................................08616

**NOAA CORPS DIRECTIVES**                                                **Chapter 08**

**Part – 5 Separation or Retirement in the Best Interest of the NOAA Corps**

**08501 POLICY**

A.      A NOAA Corps officer's separation or retirement is considered to be in the best interest of the NOAA Corps for either of the following reasons:

  (1)    performance is at a level below that expected of a NOAA Corps officer of his/her rank or grade, and which fails to indicate potential for future growth or promotion; or

  (2)    when a reduction in strength of the NOAA Corps is necessary.

B.      As recommended by the Officer Personnel Board (OPB), the Director, may, in the best interest of the NOAA Corps [33 U.S.C. 3041]:

  (1)    retire a NOAA Corps officer in the permanent grade of commander or captain; or

  (2)    separate a NOAA Corps officer in the permanent grade of lieutenant (junior grade), lieutenant, or lieutenant commander who is not qualified for retirement.

See Part 3 of this chapter regarding Involuntary Non-disability Separation.

**08502 SHOW CAUSE PROCEEDINGS**

A.      Upon recommendation for separation or retirement in the best interest of the NOAA Corps, the NOAA Corps officer concerned shall be notified, before a final decision, of his/her right to show cause as to why the discharge or retirement should not be effected.

B.      If the NOAA Corps officer does not elect to exercise the right to show cause within 20 days of receipt of the notification, or states in writing a desire not to elect to exercise such a right, separation or retirement shall be effected on the first day of the sixth month following the date of approval by the Director. If the NOAA Corps officer requests an earlier separation or retirement date, that date shall be determined by the Director. [33 U.S.C. 3041(c)]

**Part 5 – Separation or Retirement in the Best Interest of the NOAA Corps**

C.    If the NOAA Corps officer elects to exercise the right to show cause, the Director will provide the NOAA Corps officer with the opportunity to appear before the OPB or submit any evidence to the OPB. The NOAA Corps officer will be allowed 30 days to prepare his/her showing of cause. A complete record of the OPB's proceedings will be forwarded to the Director for review before a final determination is made. The NOAA Corps officer shall be given the right to review the record and include a statement regarding any disagreement with the record as submitted.

D.    When a personal appearance to show cause is requested, the following rights accrue, provided there is no cost to the Government:

  (1)    the NOAA Corps officer may be represented by a person of his/her choice;

  (2)    the NOAA Corps officer may request any witnesses who have direct knowledge of the case, and reasonable efforts shall be made to obtain witnesses so requested;

  (3)    the NOAA Corps officer may submit evidence by affidavit or otherwise to the OPB; and

  (4)    the NOAA Corp officer may question witnesses called by the OPB.

  If the NOAA Corps officer is represented, the OPB will be provided with counsel from the Department of Commerce's Office of General Counsel.

E.    At any time during show cause proceedings, the Director may grant a request by the NOAA Corps officer for separation or retirement. When granting such a request, the Director shall, in the case of proceedings brought under NCD 08501A(1) or 08501A(2), honorably discharge the NOAA Corps officer in the grade then held.

**08503 RECORDS EXAMINATION BOARD**

A.    A NOAA Corps officer may request in writing that the Director appoint a Records Examination Board (REB) to determine whether or not information contained in his/her Official Personnel File (OPF) should be corrected or removed. The request must identify the specific information in the OPF which is to be reviewed. Such a request shall be submitted within 20 days of receipt of notification of recommendation for separation or retirement in the best interest of the NOAA Corp. At the discretion of the Director, a REB of at least three NOAA Corps officers, senior in rank to the NOAA Corps officer involved, who has not in any way participated in the separation or retirement recommendation, may be appointed to the REB. The REB shall receive any evidence the NOAA Corps officer submits and shall make appropriate recommendations to the Director concerning corrections, deletions, or additions to the NOAA Corps officer's OPF. The process of requesting a REB shall not be used by any NOAA Corps officer as an attempt to reverse or appeal a decision by the Director.

**NOAA CORPS DIRECTIVES**                                    **Chapter 08**

**Part 5 – Separation or Retirement in the Best Interest of the NOAA Corps**

B.      A request by a NOAA Corps officer for an REB shall entitle the NOAA Corps officer to
        present evidence either in person or by affidavit to the REB. A summary of such
        proceedings, along with the REB's recommendation, shall be shown to the NOAA Corps
        officer concerned before submission to the Director. If the NOAA Corps officer disagrees
        with the summary of the record or the recommendations of the REB, the NOAA Corps
        officer may submit in writing to the Director, the reasons for disagreement. If the
        Director decides that a correction to the information contained in the OPF is warranted,
        the corrected OPF shall be remanded to the OPB for reconsideration of its original
        recommendation.  A show cause proceeding under NCD 08502 will be delayed pending a
        decision by the Director on the recommendation of an REB.

**NOAA CORPS DIRECTIVES**                                          **Chapter 10**

**Part 1 – Advisory Boards**

      (f)    the signature of each member; and

      (g)    the written precept, appended, if applicable.

(7)    No member of an OPB shall divulge or discuss any information concerning the recommendations or proceedings of any OPB session, except for the documentation required in paragraph (6)(d) and to report to the Director or his/her designee or where disclosure is authorized by other provisions of law.

G.    For OPB records requiring Secretarial approval, the OMB Report is forwarded by the Chairman, OPB to the Secretary through the Director.

H.    Once the OPB's recommendations have been made, the Director, CPC, via the Director, will initiate phone calls to each NOAA Corps officer informing them of the OPB's recommendation.

I.    If OPB action does not require approval by the Secretary, a memo will be issued to the NOAA Corps officer, via the Director, CPC, signed by the Director.

J.    If OPB action does require approval by the Secretary, once approval is received, a memo will be issued to the NOAA Corps officer, via Director, CPC, and signed by the Director.

 **10009 RECORDS EXAMINATION BOARD**

A.    At such times as he/she may deem necessary, the Director shall convene a Records Examination Board (REB), in accordance with NCD 07106, 08503 and Chapter 11 to determine whether or not information contained in an NOAA Corps officer's Official Personnel File (OPF) should be corrected or removed.

B.    REB duties shall include:

(1)    receiving evidence, either in person or by declaration, that the NOAA Corps officer concerned may wish to submit;

(2)    receiving any relevant information from other sources that may assist the REB in making a decision/recommendation, to include examining official records (e.g., ship's logs, payroll information, disciplinary board action);

(3)    proceeding with the presumption that the NOAA Corps officer's official record (which the NOAA Corps officer is seeking to change) is correct;

**NOAA CORPS DIRECTIVES**                                    **Chapter 10**

**Part 1 – Advisory Boards**

     (4)    applying a "clear and convincing" standard of proof to the evidence presented; (This standard is stricter than a "preponderance of evidence," but less strict than that of "beyond a reasonable doubt." The burden of proof is on the NOAA Corps officer seeking to have his/her record changed);

     (5)    showing a summary of the record of the REB's proceedings and recommendations to the NOAA Corps officer concerned before submission to the Director; and

     (6)    making appropriate recommendations concerning corrections, deletions, or additions to the NOAA Corps officer's OPF. Recommendations shall be made to the Director, who is the deciding authority.

C.    REB membership consists of no less than three active-duty NOAA Corps officers appointed by the Director. As far as practicable, members shall be senior in grade to the NOAA Corps officer involved.

## 10010 UNIFORM AND AWARDS BOARD

A.    The NOAA Corps Uniform and Awards Board (UAB) provides the Director assistance and advice with regard to decorations, medals and uniform issues.

B.    UAB duties shall include:

     (1)    reviewing and recommending the nominations of NOAA Corps officers, and officers of other services assigned to NOAA, for NOAA Corps Commendation Medals and NOAA Corps Director's Ribbons. Recommendations shall be made to the Director;

     (2)    serving as the point of contact regarding procedures for nominating NOAA Corps officers for NOAA Corps awards and for other recognition within and outside NOAA;

     (3)    reviewing records, conducting studies, and compiling reports on issues relating to NOAA Corps uniforms and awards or as assigned by the Director;

     (4)    reviewing suggestions, monitoring relevant activities in sister services, and recommending to the Director such changes to the NOAA Corps uniform and awards directives as the UAB may determine;

**NOAA CORPS DIRECTIVES**                                         **Chapter 10**

**Part 1 – Advisory Boards**

    (5)    serving as the point of contact regarding NOAA Corps uniform and awards Directives; and

    (6)    such other duties related to uniform and awards issues as the Director may prescribe.

C.    The UAB will convene at such times as may be necessary.

D.    UAB membership consists of no less than three active-duty NOAA Corps officers appointed by the Director, reflecting diversity of age, grade, and sex. (The Chair is the senior member of the UAB.) The CPC Awards and Medals Custodian serves in a nonvoting capacity as technical advisor and secretary.


## 10011 DIRECTOR'S COMMAND ADVISORY BOARD

A.    The Director's Command Advisory Board (DCAB) provides the Director with recommendations concerning commanding and executive officer assignments for all NOAA ships.

B.    The DCAB duties shall include:

    (1)    providing recommendations to the Director concerning commanding and executive officer positions for all NOAA ships anticipated to become vacant in the next 18 to 24 months;

    (2)    discussing issues relating to these billets ensuring that the needs of NOAA programs are continually met;

    (3)    enhancing individual NOAA Corps officer career development, performance, and promotion potential; and

    (4)    addressing all other issues relating to these billets as the Director may prescribe.

C.    The DCAB will convene at such times as may be necessary, but at least once per year.

D.    DCAB membership shall consist of the Director, CPC, as Chair, a representative from each marine operations center; Deputy Director, CPC; Chair, OPB; Chair, OAB; and NOAA Corps Liaison Officers from NOS, OAR and NMFS. The Assignment Coordinator serves in a nonvoting capacity as an advisor and secretary.

**NOAA CORPS DIRECTIVES**                                        **Chapter 10**

**Part 1 – Advisory Boards**

**10012 FLAG ADVISORY BOARD**

A.  The Secretary may designate positions in the Administration as being positions of importance and responsibility for which it is appropriate that NOAA Corps officers, if serving in those positions, serve in the grade of vice admiral or rear admiral (upper and lower half), as designated by the Secretary for each position. [33 U.S.C. 3028(a)] The Secretary may assign NOAA Corps officers to positions designated as positions of importance and responsibility. [33 U.S.C. 3028(b)] A NOAA Corps officer assigned to a position of importance and authority while so serving has the grade designated for that position, if appointed to that grade by the President, by and with the consent of the Senate. [33 U.S.C. 3028(d)(1)] NOAA Corps officers assigned to positions and appointed to flag grades by the President, by and with the consent of the Senate, serve in a temporary status in the grade designated for that position. [33 U.S.C. 3028(d)(1)]

B.  The Flag Advisory Board (FAB) is established to provide a list of nominees to the Under Secretary for appointment to positions of importance and responsibility. The duties of the FAB are similar to those of the OPB as prescribed in NCD 10008, but the recommendations of the FAB do not constitute selections.

C.  The FAB will convene at such time as necessary to fill vacant positions of importance and responsibility.

D.  The FAB membership shall consist of each NOAA Assistant Administrator or his/her designee, and any other member appointed by the Under Secretary. The Director will be the Chair of the FAB.

**10013 OTHER ADVISORY BOARDS**

A.  The Director may establish other advisory boards to provide recommendations concerning program, personnel, and operational requirements.

**NOAA CORPS DIRECTIVES**                              **APPENDIX 1.1**



**THE SECRETARY OF COMMERCE**
Washington, D.C. 20230

NOV 2 5 2003

      Pursuant to the authority vested in me by 33 USCA 3028(c), I hereby designate the position of Director of the National Oceanic and Atmospheric Administration Commissioned Officer Corps (NOAA Corps) and Director of the Office of Marine and Aviation Operations as a position of importance and responsibility. The designated grade for this position is rear admiral (O-8). The incumbent of this position, upon appointment by the President, by and with the advice and consent of the Senate, to the grade of rear admiral, shall hold that grade while serving in this position.

      Pursuant to the authority vested in me by 33 USCA 3028(a), I hereby designate the position of Deputy Director, NOAA Corps, and Deputy Director, Marine and Aviation Operations, as a position of importance and responsibility. The designated grade for this position is rear admiral (lower half) (O-7). The incumbent of this position, upon appointment by the President, by and with the advice and consent of the Senate, to the grade of rear admiral (lower half), shall hold that grade while serving in this position.

      Pursuant to the authority vested in me by 33 USCA 3028(a), I hereby designate the position of Director, Marine and Aviation Operations Centers in the NOAA Corps as a position of importance and responsibility. The designated grade for this position is rear admiral (lower half) (O-7). The incumbent of this position, upon appointment by the President, by and with the advice and consent of the Senate, to the grade of rear admiral (lower half), shall hold that grade while serving in this position.

      All previous designations of positions of importance in the NOAA Corps, pursuant to 33 USCA 3028 or its predecessor, 33 USC 853u, are hereby rescinded.

Donald L. Evans