UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jonathan G. Wendland ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 07-CV-1493 |
| ) | (HHK) |
| Carlos Gutierrez, Secretary ) | |
| United States Department of Commerce ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I. **INTRODUCTION**

Plaintiff, Jonathan A. Wendland, filed this action claiming that the Director of NOAA Corps' decision denying a request for a Record Evaluation Board ("REB") was "arbitrary and capricious, an abuse of discretion and contrary to law" under the provisions of the Administrative Procedure Act, 5 U.S.C. § 702 et seq. ("APA"). Complaint ("Compl.") at ¶ 33.

This Court does have subject matter jurisdiction to review this case. Plaintiff has demonstrated on the face of the Complaint that he was actually injured, that the Defendant caused the injury, and that the injury is likely to be redressed by a favorable decision from this Court. Furthermore, by a preponderance of the evidence the Director's decision was not committed to agency discretion by law. Accordingly, this Court has subject matter jurisdiction to hear this case.

II.  **FACTUAL BACKGROUND**

Plaintiff agrees with Defendant's "Factual Background."

III. **ARGUMENT**

    a.  **Federal Rule of Civil Procedure 12(b)(1) Standard of Review.**

Plaintiff bears the burden of establishing the Court's jurisdiction over his complaint by a preponderance of the evidence. American Farm Bureau v. Envtl. Prot. Agency, 121 F. Supp 2d 84, 90 (D.D.C. 2000). In deciding a motion to dismiss the Court "must accept as true all well pleaded factual allegations and draw all reasonable inferences in favor of plaintiffs." Id. at 90, quoting Fitts v. Federal Nat'l Mortgage Ass'n, 44 F. Supp.2d 317, 321 (D.D.C. 1999).

At a minimum in order to establish jurisdiction Plaintiff must "show that he personally has suffered some actual or threatened injury," that it was caused by Defendant, and that it is "likely to be addressed by a favorable decision." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).

    b.  **This Court Does Have Subject Matter Jurisdiction In This Case.**

This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331, and the Administrative Procedure Act (APA), 5 U.S.C. § 702 et seq. The APA provides that "final agency action[s] for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Notwithstanding §704 of the APA, §701(a)(2) provides an exception and bars judicial review where the "agency action is committed to agency discretion by law." 5 U.S.C. 701 (a)(2). The Supreme Court has held that this exception is "very narrow" and only applies "in those rare instances where statutes are

drawn in such broad terms that in a given case there is no law to apply." Heckler v. Chaney, 470 U.S. 821, 830 (1985); see Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410 (1971). This exception is only applied where a court would have "no meaningful standard against which to judge an agency's exercise of discretion." Heckler, 470 U.S. at 830. In the absence of a clear statutory standard, the Court should look for any "substantive legal criteria against which an agency's conduct can be seriously evaluated." Drake v. Fed. Aviation Admin., 291 F.3d 59, 70 (C.A.D.C. 2002).

APA § 701(a)(2) is inapplicable in this case. A review of the application of this section reveals why. In Lincoln v. Vigil, 508 U.S. 182 (1993), the Indian Health Services ("IHS") received lump sum appropriations from Congress. The discretion to use those funds was challenged. Id. The Court found that when Congress appropriates funds to an agency and does not further restrict intra-agency appropriation, the discretion to appropriate those funds is given to the agency by law. Id. at 183. The Court further said that this was a "fundamental principle of appropriations law," and that "[a]s long as the agency allocates the funds to meet permissible statutory objectives, courts may not intrude." Id.

In Lincoln if the Court had granted relief, it would have become a super agency deciding not only where and how money should be spent by an agency, but also how much was to be spent for a particular purpose. This intrusion into both the executive and legislative process, the Court was not willing to do.

Such is not the case here. The Director of NOAA made a discreet, identifiable decision not to convene a Records Evaluation Board (REB). Compl. at ¶17. That decision

was grounded in three theories. The first theory was that under NOAA Corp Directive (NCD) 04403C a fitness report must be rebutted within 10 days of Plaintiff signing any such report and no rebuttal was submitted. Compl. ¶18.a. The evidence which gave rise to Plaintiff's request for an REB was unknown within the 10 day limit. It was after discovered evidence, Compl. ¶14. Rebuttal of the fitness report was not possible within the 10 day period.

The second theory was that Plaintiff had to request an REB within 20 days of "recommendation for separation in the best interests of NOAA Corps" under NCD08503A. Compl. ¶ 18.b. This provision is inapplicable to Plaintiff, Compl. ¶26 and 27, as Plaintiff was discharged under 10 U.S.C. §§ 632 and 637 for twice being nonselected for promotion.

The third theory was that Plaintiff had "ample opportunity" to previously request an REB. Compl. ¶19. Plaintiff received the after discovered evidence on July 26, 2006. Compl. ¶14. He requested an REB on September 1, 2006, while still on active duty. Compl. ¶17. His request was timely and there was no opportunity to do anything before July 26, 2007.

This Court is fully versed in how to review decisions of military authority having reviewed thousands of decisions of the Secretary of the Army, Navy and Air Force as well as the Secretary of Transportation and Homeland Security. Compl. ¶21. This court does have a "meaningful standard against which to judge an agency's exercise of discretion." Heckler, 470 U.S. at 830. That standard is the history of thousands of similar cases in the uniformed services employing the APA standard of arbitrary and capricious,

abuse of discretion or contrary to law with the overlay of giving deference to discretion in military cases. Orloff v. Willoughby, 345 U.S. 83 (1953); Gilligan v. Morgan, 413 U.S. 1 (1973); Rostker v. Goldberg, 453 U.S. 57 (1981); Chappell v. Wallace, 426 U.S. 296 (1983); Goldman v. Weinberger, 475 U.S. 503 (1986); Weiss v. United States, 510 U.S. 163 (1994).

Plaintiff here has demonstrated that his adverse fitness reports, which were the source of his failure to be promoted, were tainted by bias. He was actually injured. The situation could have been corrected if the Director has not further injured Plaintiff by refusing to grant an REB. This injury by the Director will be redressed by a favorable decision of this Court. Jurisdiction is clearly established under Bender, 475 U.S. 534, 541 (1986).

This is not a case where the statute through being overly broad has granted the Director absolute discretion without the prospect of judicial review. Firstly, Defendant's reliance on NCD 10009 is misplaced. That Directive expressly gives the Director discretion to convene an REB in three discrete areas. Those areas are:

— Under NCD 07106 when reviewing disciplinary actions.

— Under NCD8503 when reviewing separations in the best interest of NOAA Corps.

— Under Chapter 11 when reviewing casualty matters.

This case has nothing to do with any of the above discrete areas. Plaintiff was discharged under the provision of 10 U.S.C. §§ 632, 637, Compl. ¶ 26 not NCD 8503. There were no disciplinary or casualty issues.

The authority which gave rise to the Director's denial of a REB derived from 33 U.S.C. § 3028(c) which gives the Director responsibility "for the administration of the commissioned officer corps." This includes the authority to take personnel actions to include the convening of an REB. There is absolutely no reason why a reasonableness standard should not apply to such decisions. The authority granted is not so broad as to opaque to judicial review. This is particularly true when every other uniformed service provides for the equivalent of an REB through the system of Boards for Corrections of Military Records, Compl. ¶ 21, as a matter of right.

The Director's decision to deny an REB foreclosed the prospect for relief for Plaintiff. There was no rational basis for that decision. The decision is reviewable under time honored and well known standards.

## CONCLUSION

For the foregoing reasons Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

*/s/ Gary R. Myers*

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jonathan G. Wendland | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 07-CV-1493 |
| | ) | ( HHK) |
| Carlos Gutierrez, Secretary | ) | |
| United States Department of Commerce | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be and is hereby DENIED.

_____
U.S. District Court Judge