UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN G. WENDLAND,<br><br>      Plaintiff,<br><br>    v.<br><br>THE HONORABLE CARLOS GUTIERREZ,<br>      Defendant. | Civil Action 07-01493 (HHK) |

MEMORANDUM OPINION

  The Director of a unit within a component of the United States Department of Commerce ("the Director"), the Commissioned Officer Corps of the National Oceanic and Atmospheric Administration ("the NOAA Corps"), has promulgated Directives which govern much of the daily operations of the unit. One Directive provides that "[a]t such times as he/she may deem necessary, the Director shall convene a Record Examination Board ["(REB)"] [at an officer's request] to determine whether or not information contained in an NOAA Corps officer's Official Personnel File (OPF) should be corrected or removed." NOAA Directive 10009, Records Examination Board ("Directive 10009"). Jonathan Wendland ("Wendland"), a former employee of the NOAA Corps, brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.,* against Carlos M. Gutierrez, in his official capacity as Secretary of the United States Department of Commerce ("the Secretary"), seeking to compel the convening of a REB.

  Before the court is the Secretary's motion to dismiss for lack of subject matter jurisdiction [#8]. Upon consideration of the motion and the opposition thereto, the court concludes that the Secretary's motion should be granted.

## I.  BACKGROUND

Wendland joined the NOAA Corps, a scientific research bureau within the United States Department of Commerce, in 1992.  In July 2003, he became the Executive Officer under Lieutenant Commander Michael Hopkins ("Hopkins") of the NOAA ship John N. Cobb.  During his first eleven years with the NOAA Corps, Wendland received outstanding fitness reports.  During his two years serving under Hopkins, however, Wendland received four derogatory fitness reports.

Wendland was considered for promotion three times between April 2004 and March 2006, but was passed over each time.  In May 2006, the Special Officer Promotion Board determined that Wendland should be discharged from the NOAA Corps, effective August 1, 2006.  For medical reasons, this date was later continued to September 14, 2006.

On September 1, 2006, Wendland requested the Director to (1) convene a REB to expunge the four derogatory fitness reports from his record, (2) remove all documents pertaining to his denials of promotion from his record, (3) remove his separation date of September 14 from his record, (4) retroactively reinstate him, and (5) convene a promotion board to consider him for promotion again.  The Director denied Wendland's request to convene a REB and also denied Wendland's subsequent request for reconsideration of this denial.  This action followed.

## II. ANALYSIS

The Secretary moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Wendland's complaint for lack of subject matter jurisdiction.[1] The Secretary contends that the APA does not permit judicial review of the Director's decision not to convene a REB because this action is committed to agency discretion by law. The Secretary's position is well-taken.[2]

The APA provides for judicial review of agency action (or failure to take action) except when a statute precludes judicial review or when "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1), (a)(2). The "committed to agency discretion" exception is a "very narrow exception" and applies only when a statute is drawn so broadly "that in a given case there is no law to apply." *Heckler v. Chaney*, 470 U.S. 821, 830 (U.S. 1985) (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 410 (1971)). There is "no law to apply" when there are no "substantive legal criteria against which an agency's conduct can be seriously evaluated." *Drake v. F.A.A.*, 291 F.3d 59, 70 (D.C. Cir. 2002). Thus, when a statute

---

[1] Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction. Plaintiffs bear the burden of establishing that the court has subject matter jurisdiction. *Brady Campaign to Prevent Gun Violence United with Million Mom March v. Ashcroft*, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). The court must accept the non-movant's factual allegations as true when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *Jerome Stevens Pharm. Inc. v. FDA*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). The court also may consider material beyond the allegations in the plaintiffs' complaint when determining whether it has subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624-25, n.3 (D.C. Cir. 1997).

[2] In his opposition to the Secretary's motion Wendland argues that the court has subject matter jurisdiction because he satisfies the requirements for standing. The premise of Wendland's argument is wrong because it conflates separate and distinct concepts: standing and subject matter jurisdiction. The issue is moot, however, as the court does not reach Wendland's argument with respect to standing. *Teamsters for a Democratic Union v. Sec'y of Labor*, 629 F. Supp. 665, 668 (D.D.C. 1986) (citing *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 353 (1984) (holding that a court first should determine if it has subject matter jurisdiction before addressing whether the plaintiff has standing)).

provides an agency with such broad decision-making powers that no "concrete limitations . . . on the agency's exercise of discretion" or "'judicially manageable standards' are discernable, meaningful judicial review is impossible, and agency action is shielded from the scrutiny of the courts." *Id.* at 70.

Here, the Director's authority to convene a REB comes from Directive 10009, which provides that the Director shall convene a REB "[a]t such times as he/she may deem necessary." Directive 10009.[3] Neither the NOAA's organic statute, 33 U.S.C. § 3001 *et seq.*, nor the order granting the Director authority to administer the NOAA Corps., U.S. Department of Commerce Department Organizational Order 25-5, establish any limitations on or other standards governing the Director's discretion in convening a REB. Thus, the court's inquiry into whether the decision to convene a REB is "committed to agency discretion by law" turns on the "deem necessary" language of Directive 10009.

The Supreme Court's interpretation of similar language in *Webster v. Doe*, 486 U.S. 592 (1988), informs this court's analysis. In *Webster*, the Court concluded that when an agency director is given the authority to act whenever he *deems* it necessary, the discretion left to the director "foreclose[s] the application of any meaningful judicial standard of review." *Id.* at 600 (finding that judicial review was precluded when language in the controlling statute allowed the CIA Director to terminate an employee whenever he "shall *deem* such termination necessary."). The "deem necessary" language "exudes deference to the Director" and provides "no basis on which a reviewing court could properly assess an Agency . . . decision." *Id.* The Director is

---

[3] In considering a motion to dismiss for lack of subject matter jurisdiction brought pursuant to Fed. R. Civ. P. 12(b)(1), a court may, in appropriate cases, "consider the complaint supplemented by undisputed facts evidenced in the record." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

given similar discretion in determining whether to convene a REB.  No statute constrains the Director's authority, and there is no discernable "judicially manageable standard" against which the court can measure the Director's decision not to convene a REB.  Accordingly, § 701(a)(2) precludes judicial review of the Director's decision.

Wendland contends that § 701(a)(2) is not applicable to the circumstances of this case.  Relying on *Lincoln v. Vigil*, 508 U.S. 292 (1993), Wendland argues that the court may look to its opinions reviewing decisions of military authorities to determine a legal standard by which to judge the Director's discrete, identifiable decision not to convene a REB.  *Lincoln* does not support Wendland's contention; indeed, *Lincoln* reiterates that decisions committed to agency discretion by law, like the Director's decision in this case, are not subject to judicial review.  *See id.* at 191.  Wendland likewise finds no support in opinions reviewing decisions of military authorities because he cites no case which stands for the proposition that the court should review NOAA decisions under the same standards.  Accordingly, Wendland's contention fails.

### III.  CONCLUSION

For the foregoing reasons, the Secretary's motion to dismiss must be granted.  An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge